UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ELREAG O DORLE

                                 Plaintiff,

          -against-                                                    **COMPLAINT**

FOREVER CABINETRY INC;
ROY SHEN;
SHARON ZHANG;
MARK ZHANG

                                 Defendant
-------------------------------------------------------------------------X

Plaintiff as and for her complaint as against the defendants alleges as follows:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid wages, unpaid overtime wages, untimely paid wages, liquidated damages, attorneys fees and interest and other sums due plaintiff from defendants pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law § 190, et seq. and § 220 et seq ("NYLL").

2. In addition, defendants failed to provide to the plaintiff proper wage notices and wage statements as required by applicable law and regulations and is liable for damages under New York Labor Law § 190, et seq.

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29

U.S.C. § 216(b), and 28 U.S.C. § 1331 and 1337 and 1343 and has supplemental jurisdiction over plaintiffs' claims under the New York State Labor Law pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as plaintiff resides in Kings County within the Eastern District of New York.

## THE PARTIES

**Plaintiff**

5. Plaintiff resides in Kings County and was employed by the defendant FOREVER CABINETRY INC. (FCI)

6. Plaintiff was an employee of the defendant FCI within the meaning of the FLSA and the NYLL and the defendant FCI is subject to the provisions of the NYLL and the FLSA. Specifically, the plaintiff was employed by the defendant starting approximately 10 year ago. He worked 6 days a week and often worked 7 days a week. He would start at 8 AM and on Monday through Saturday work until 5:30 PM (until 5:00 on Saturdays). He also typically worked three (3) hours of overtime each week but how many days each week he worked those 3 hour blocks of overtime varied.

**Defendant**

7. Defendant FCI is a corporation engaged in the commercial business of producing cabinetry.

8. Defendant FCI is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. It has: (1) employees engaged in commerce or in the production of

goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of income and sales in excess of $500,000.

9. Defendants ROY SHEN, SHARON ZHANG and MARK ZHANG are natural persons were engaged in the commercial business of producing cabinetry; it is believed that they are owners, stockholders, principals, officers, managing agents, agents of the defendant corporation FCI; each is believed to have exercised sufficient control over the operation of the defendant corporation FCI to be considered plaintiff's employer under the FLSA and NYLL and applicable law and regulation; it is believed that during all times material to this action that all and/or each of them established and implemented the pay practices at the defendant corporation FCI.

## FAILURE TO PAY OVERTIME PREMIUM WAGES AND FOR ACTUAL HOURS WORKED

10. The FLSA and NYLL require that employers pay all employees at a rate no less than the overtime premium wage rate of one and one half (1½) times their regular rate of wage rate for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

11. The plaintiff performed work in excess of 40 hours per week but was not paid at the premium wage rate applicable to the overtime hours she worked.

12. Plaintiff was not paid the overtime premiums wages he was due for the hours he worked in excess of forty (40) hours in a given week.

## PLAINTIFF WAS NOT PROVIDED INFORMATION HE WAS TO RECEIVE UNDER APPLICABLE LAW AND REGULATION

13. When payments were made to the plaintiff he was not provided with an accurate statement listing all of the following information: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether he was being paid by the hour, shift, day, week, salary, piece, commission, or otherwise; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed and net wages.

## FIRST CLAIM
## (FAIR LABOR STANDARDS ACT-UNPAID OVERTIME)

14. Plaintiff repeats and realleges paragraphs 1 through 13 as if fully set forth herein.

15. Plaintiff was to have been paid no less than one and one-half (1½) times his regular wage rate for all hours he worked in excess of forty (40) hours in any workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

16. Plaintiff was not paid the overtime premium wages he was entitled to receive for his overtime hours worked.

17. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff the overtime wages he was due as described above.

18. Due to defendants violations of the FLSA, plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action,

and pre-judgment and post- judgment interest.

## SECOND CLAIM
## (NEW YORK LABOR LAW-UNPAID OVERTIME)

19. Plaintiff repeats and realleges paragraphs 1 through 18 as if fully set forth herein.

20. Under the NYLL and supporting regulations, defendants were required to pay plaintiff at no less than the applicable wage rate and at one and one half (1½) times his regular wage rate for all hours he worked in excess of forty (40) hours during a work week.

21. Plaintiff was not paid at the applicable overtime premium wage rates as he was entitled to receive under the NYLL.

22. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff the correct amount he was due as overtime wages.

23. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## THIRD CLAIM
## FAILURE TO PROVIDE ADEQUATE WAGE NOTICES AND WAGE STATEMENTS

24. Plaintiff repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

25. Pursuant to the provisions of NYLL Section 195(1) and (3), defendants were to provide to the plaintiff as her employer wage statements and wage notices containing all of the information required under those provisions of law both at the commencement of his

employment as well as during the period of his employment.

26. Defendants for some time have not provided to plaintiff wage statements but have demanded before he is paid that he sign his name to documents in order to be paid even though the information contained on the documents were inaccurate.

27. Defendants failed to provide to the plaintiff the appropriate wage notices and wage statements as required pursuant to the provisions of NYLL Section 195(1) and (3) and are thereby liable to the plaintiff for damages as set forth in Section 198 of the NYLL.

## FOURTH CLAIM
## UNPAID WAGES AND/OR UNTIMELY PAID WAGES

28. Plaintiff repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29. Plaintiff received payment of some of his wages in cash but it is unclear what work hours were paid, for which days, what work hours were not paid, the exact wage rates applied so there are possible claims that for some work plaintiff was not paid at all.

30. In addition, in violation of Section 191 of the NYLL, certain payment made to him were made in an untimely manner as described therein and defendants are liable accordingly.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment in his favor and against the defendants:

a. finding that defendants violated the wage provisions of the FLSA and NYLL by failing to pay plaintiff the wages he was due, in failing to timely pay the wages he was due and

in failing to pay to him the overtime wages he was due under the provisions of the FLSA and NYLL;

    b. finding that the defendants failed to comply with NYLL Sections 191, 195 (1) and (3);

    c. finding the defendants' various violations of the applicable laws and regulations to have been willful;

    d. awarding plaintiff monetary damages in accordance with the facts;

    e. awarding damages as a result of the defendants' failure to furnish wage notices and wage statements with each payment of wages to the plaintiff pursuant to the NYLL;

    f. awarding plaintiff liquidated damages;

    g. awarding plaintiff pre-judgment and post-judgment interest under the NYLL;

    h. awarding plaintiff a sum representing reasonable attorneys' fees;

    i. awarding the plaintiff the costs and disbursements of this action;

    j. awarding plaintiff such other relief as the court deems just and proper.

Dated: Kew Gardens, New York
October 25, 2021

JONATHAN SILVER ESQ.(7924)
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 316
Kew Gardens, New York 11415
(718) 520 1010
juanplata@aol.com